IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JENNIFER MITCHELL       )
and RYAN MITCHELL,       )
      )
      Plaintiff,       )     TC-MD 140161C
      )
      v.       )
      )
MULTNOMAH COUNTY ASSESSOR,       )
      )
      Defendant.       )     **FINAL DECISION OF DISMISSAL**

The court entered its Decision of Dismissal in the above-entitled matter on June 26, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision of Dismissal was entered. The court's Final Decision of Dismissal incorporates its Decision of Dismissal without change.

This matter is before the court on Defendant's Motion To Dismiss (Motion) Plaintiffs' appeal as untimely because Plaintiffs did not first petition the county board of property tax appeals (Board) before appealing to this court.

The court held a hearing on the Motion by telephone May 27, 2014. Jennifer Mitchell and Ryan Mitchell appeared on behalf of Plaintiffs. Jennifer Mitchell testified on behalf of Plaintiffs. Jeff Brown and Michael Watson appeared on behalf of Defendant. Jeff Brown testified on behalf of Defendant. No exhibits were received from either party.

I. STATEMENT OF FACTS

Plaintiffs appeal the real market value (RMV), maximum assessed value (MAV), exception value, and assessed value of property identified as Account R179360 (subject property) for the 2012-13 tax year. Plaintiffs filed their appeal directly with this court April 11, 2014.

FINAL DECISION OF DISMISSAL  TC-MD 140161C       1

The RMV on the assessment and tax rolls for the 2012-13 tax year was $844,880. (Ptfs' Compl at 3.) Plaintiffs are requesting a reduction in that figure to $698,000. (*Id*. at 1.) Plaintiffs have also asked the court to remove exception RMV Defendant added to the MAV that year. (*Id*.) According to information attached to Plaintiffs' Complaint and the testimony presented during the May 27 hearing, the amount of exception RMV Defendant added for the 2012-13 tax year was $15,390. (*Id*. at 2.) Defendant added that $15,390 value because of changes made to the property which Plaintiffs testified occurred prior to their purchase in March 2013. Defendant can add such value under ORS 308.153(1) provided it meets the definition of "new property" set forth in ORS 308.149(6) and the RMV of such property is at least $10,000 in a single assessment year or $25,000 cumulatively over a five-year period, as provided in ORS 308.149(5).[1]

When questioned about the lack of a timely petition to the Board in 2012, Plaintiffs testified that the prior owner of the home did not live in the home and that, although they did not speak with that individual, it was their "guess" that the prior owner was not aware that the value was too high in 2012 and therefore did not file an appeal with the Board when she received the 2012-13 tax year property tax statement in October 2012.

## II. ANALYSIS

The question before the court is whether Defendant's motion to dismiss should be granted. The basis for the motion is a lack of timeliness.

Oregon has a structured appeals system for taxpayers to follow when challenging the values assigned to their property. The first step is to file a petition with the local county Board where the property is located. ORS 309.026(2) (authorizing Board to hear petitions for

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

reductions in value, including assessed value, real market value, and maximum assessed value); ORS 309.100(1) (authorizing property owners and others with interest in property to petition Board for types of relief allowed under ORS 309.026); ORS 305.275(3) (precluding appeals to Magistrate Division of Tax Court if taxpayer may appeal to Board). Taxpayers are required to file appeals with the appropriate Board by December 31 of the current tax year. ORS 309.100(2).

An appeal in this case for the 2012-13 tax year would have to have been filed prior to the December 31, 2012, statutory deadline. No such appeal was filed. The first appeal of the value for the 2012-13 tax year was the Complaint Plaintiffs filed with this court in April 2014. Because that deadline was missed, the appeal is untimely. Absent additional statutory authority, the court would lack jurisdiction to consider Plaintiffs' appeal.

However, Oregon does have a statute allowing the court to consider requests for reductions in value notwithstanding a taxpayer's failure to first petition the Board. That statute is ORS 305.288. It provides generally for relief in two circumstances.

One circumstance is where the taxpayer alleges an error in the RMV of a residential property of at least 20 percent. ORS 305.288(1)(b). Plaintiffs seek a reduction in the subject property's RMV from $844,880 to $698,000. That request amounts to an alleged error in value of 17.38 percent. That figure is below the 20 percent threshold. Accordingly, the court cannot consider Plaintiffs' appeal under that provision.

The other situation in which the court can reduce the value of a separate assessment of property is where the taxpayer fails to petition the Board, the time to do so has lapsed, and "the tax court determines that good and sufficient cause exists" for the taxpayer's failure to timely petition the Board. ORS 305.288(3).

/ / /

The statute defines "good and sufficient cause" as "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal[.]" ORS 305.288(5)(b)(A). The statute further provides that good and sufficient cause "[d]oes not include inadvertence, oversight, [or] lack of knowledge[.]" ORS 305.288(5)(b)(B).

Plaintiffs did not own the subject property in 2012 and they have no knowledge as to why the owner of the property at that time did not petition the Board for a reduction in value. Nonetheless, no petition was filed with the Board that year. Plaintiffs therefore have failed to establish good and sufficient cause for the lack of a petition to the Board before the appeal was filed with this court.

Because Plaintiffs are appealing the values of their property for a prior tax year directly to this court, and have not satisfied the statutory requirements of ORS 305.288, the court lacks jurisdiction to grant relief.

However, Defendant's representatives indicated during the hearing on their Motion that Defendant had agreed to remove the exception RMV added to the rolls for the 2012-13 tax year under the clerical error provisions of ORS 311.205. Removing the exception RMV for tax year 2012-13 will reduce the property's MAV that year by approximately $11,200, according to Defendant's representatives. And that reduced the MAV will carry forward to the 2013-14 tax year, which was another concern Plaintiffs had (the tax year 2013-14 MAV and AV).

## III. CONCLUSION

While the court does not have jurisdiction to consider Plaintiffs' appeal, Defendant has agreed to make certain adjustments to the tax year 2012-13 roll values under the statutory authority granted Defendant in ORS 311.205. However, Defendant's motion to dismiss

Plaintiffs' appeal to the Tax Court is granted because the appeal was not timely filed and Plaintiffs have not satisfied the statutory requirements of ORS 305.288.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss Plaintiffs' appeal for the 2012-13 tax year is granted.

Dated this ____ day of July 2014.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed.*

*This Final Decision of Dismissal was signed by Magistrate Dan Robinson on July 15, 2014.  The Court filed and entered this Final Decision of Dismissal on July 15, 2014.*